NATIONAL BANK OF WILKES *v.* BOARD OF EDUCATION
OF LAURENS COUNTY *et al.*

No. 7215. FEBRUARY 12, 1930.

*Clement E. Sutton* and *Stephens & Hightower,* for plaintiff.
*L. L. Porter,* for defendants.

HILL, J. The National Bank of Wilkes brought a petition for mandamus against the Board of Education and the Superintendent of Schools of Laurens County, alleging that Mrs. Reba Wansley was employed as a teacher in the public schools of Laurens County, and that the Board of Education issued to her, in payment for services in one of the schools of the county, vouchers aggregating $236.25 principal, all of the vouchers being identical in form, but different in amount, as follows:

"The Board of Education of Laurens County, Georgia, No. 483-D. Dublin, Georgia, February 7th, 1925, $93.75.

"To Mrs. Reba Wansley Dr. For 3/4 mo. Domestic Science work—Nameless—Oct., 1924, ninety-three & 75/100 dollars.

"I received payment. Mrs. Reba Wansley.

"When properly receipted this note is payable to bearer, with interest at 7 per cent. per annum, and will be paid on or before June 1st, 1925, when funds will be available from the tax-collector of Laurens County from 1924 taxes. This scrip is receivable for county-wide or for vocational educational taxes, if the tax-collector is willing. Signature of payee must appear above. The Laurens County Board of Education, by R. L. Sumner, C. S. S."

All of these vouchers, or scrip, were issued for work at Nameless School, and were discounted by Mrs. Wansley at the National Bank of Wilkes, her receipt being signed to the scrip so as to render it negotiable according to the terms of the instrument. The Board of Education of Laurens County refused to pay the vouchers, and the present suit was instituted. The respondent demurred to the petition, on the grounds, (1) that it does not appear that the present superintendent of schools (who apparently succeeded the officers issuing the vouchers) has funds on hand to pay the scrip, or that the board of education has such funds on hand with which

to make payment; (2) that the petition does not show the levy of the five mills leviable limit to meet the vouchers; (3) that it does not appear that the funds from 1924 and 1925 taxes have been or will be available with which to meet these vouchers; (4) that it does not appear that the vouchers were within the legal amount for which the board of education of Laurens County could create an indebtedness; (5) that it does not appear from the petition that any authority rested in the Laurens County Board of Education by R. L. Sumner, C. S. S., to create this obligation. The trial court sustained the demurrer and dismissed the petition, and the plaintiff excepted. ·

Under the Code of school laws of the State (Ga. L. 1919, pp. 288, 331), it is provided: "The board of education, or other constituted authorities having charge of the public schools in those counties or municipal corporations having a system of public schools supported by local taxation, may open and annex to said public schools, in their discretion, a department of industrial education, in which the students may be taught agriculture, *home economics* [italics ours], or trades and industries, under such rules and regulations as may be prescribed by the State board for vocational education. It shall be lawful to procure the necessary equipment and pay teachers, and the said board, or other constituted authority, shall determine the number of such schools, the place where located, and the terms or sessions of same, together with the ages at which children may attend the same." Michie's Code, § 1551(115) ; 8 Park's Code Supp. 1922, § 1437 (hh). Teaching "domestic science work" and "home economics," as used in the Code of school laws, is the same. It will be observed that there is nothing in the petition to indicate that the board of education of Laurens County has not the funds with which to pay these warrants, which is the foundation of the mandamus proceeding in this case. But the demurrer itself alleges that it does not appear from the petition that any authority vested in the issuer of the vouchers to create this obligation. This is not a good ground for demurrer. The scrip, or vouchers, upon their face appear to be due to the holder thereof, and are signed by the Laurens County board of education by its superintendent of schools, and apparently the board had authority, under the act of 1919 (Ga. L. 1919, p. 322), to pay teachers for such work as is mentioned in the vouchers, and

the county superintendent of schools, under the act of 1919 (Ga. L. 1919, p. 322, sec. 82), is designated ex-officio secretary of the county board of education; and therefore, under the petition and demurrer, the board of education of Laurens County prima facie owes the amount sought to be recovered, and it refuses to pay the warrants it has issued. The court erred in sustaining the demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*